UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | 1:19-cr-00134-LEW-2 |
| | ) | |
| ERIC WALDRON, | ) | |
| | ) | |
| Defendant | ) | |

**ORDER ON DEFENDANT'S REQUEST FOR RELEASE**

On March 30, 2020, the Court granted Defendant's motion to reopen the detention hearing. (Order, ECF No. 320.) Defendant asks the Court to release him to house arrest and electronic monitoring in Arizona. On April 3, 2020, the Court conducted a hearing on the issue of release or detention. The Court left the record open to permit Defendant to submit medical records in support of his request for release. On May 12, 2020, the Court received the records.

Defendant contends that because of his history of tuberculosis, his health is at risk in jail due to the COVID-19 pandemic. A review of the medical records, which consist of two hospital visits in 2018 for pancreatitis, reveals that Defendant was diagnosed with tuberculosis in 1992. He was treated with medication. At the time of the two hospital visits in 2018, he was not suffering from tuberculosis. Rather, he presented with complaints of abdominal pain. Defendant has provided no medical records to suggest he has had a recurrence of tuberculosis or any related symptoms. The record also lacks any evidence that an inmate or anyone working at the Somerset County Jail, the facility in which Defendant is detained, has been diagnosed with COVID-19. Given this record,

Defendant's history of tuberculosis in 1992 does not alter the Court's assessment of whether there are conditions that would reasonably assure Defendant's appearance or provide for the safety of the community.

While the Court understands Defendant's concern about potential exposure to COVID-19, after consideration of the factors set forth in 18 U.S.C. § 3142(g), the Court denies Defendant's request for release.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 13th day of May, 2020.